Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Narain Kumar, Esq. (SBN 301533)
nkumar@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Plaintiff*
*Courtney Mitchener*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MITCHENER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GAMER SUPPS INC., a New Jersey corporation; and DOES 1 through 25, inclusive <br><br> Defendants. | Case No. 2:25-cv-01473-ODW-ADS <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 12)** |

# **REPLY**

Plaintiff agrees with the Court that it lacks subject-matter jurisdiction because the amount in controversy does not satisfy the $75,000 jurisdictional threshold. 28 U.S.C. § 1332(a). The Ninth Circuit has explained that it "require[s] a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) and *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017)). "Unlike removal under CAFA, in which the Congressional intent underlying the statute favors a finding of federal court jurisdiction, a strong presumption *against* removal jurisdiction exists in a non-CAFA case." *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1067 (N.D. Cal. 2018) (citation omitted, emphasis in original). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Defendant's estimates of the amounts of both attorneys' fees and the injunction are unsupported and unreasonable. "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction,

- 2 -

REPLY TO RESPONSE TO OSC

1  as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). There are three costs at issue here, the cost of complying with the injunction, cost of disgorgement, and potential attorneys' fees the Court may in its discretion award under California Code of Civil Procedure Section 1021.5. Defendant also incorrectly argues that "[t]his and other federal courts have repeatedly exercised diversity jurisdiction over similar claims." Def. Resp. at 1 (citing *Byars v. Sterling Jewelers, Inc.*, Case No. 5:22-cv-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023); *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 6609351 (N.D. Cal. Oct. 10, 2023); *Mikulsky v. Noom, Inc.*, 2024 WL 251171 (S.D. Cal. Jan. 22, 2024)). Each of the cited cases was a putative class action invoking a different standard for diversity under the Class Action Fairness Act, [cite]. Moreover, in each of these cases the court dismissed for lack of Article III standing, meaning that Defendant has not provided a single example of a federal court exercising diversity jurisdiction over similar claims like the *individual action* in this case.

Addressing the injunction first, it is the cost of *complying* with the injunction that is counted towards the amount in controversy. Defendant instead improperly estimates the cost to "provide users with the same experience without using TikTok analytics." Opel Decl. ¶ 5. It is not clear that Defendant's proposed modification would even comply with CIPA, nor is it apparent why Defendant believes it would have to redesign such a system entirely on its own as opposed to, for example, using an analytics service that doesn't illegally invade the privacy of visitors like Plaintiff. Regardless, the costs of potential replacements are irrelevant to the amount in controversy which evaluates the cost of *complying*, and Defendant has provided no estimate or evidence for that cost. It will very likely cost almost nothing because all Defendant has to do to comply with the proposed injunction is simply removing the TikTok Software from its website.

- 3 -

REPLY TO RESPONSE TO OSC

Defendant's estimate of the costs of disgorgement of data provided to TikTok is similarly unsubstantiated. The declaration provided by Defendant's In-House counsel estimates the cost of disgorgement to include the cost of trying to return all of the de-anonymized user data to the individual users. Opel Decl. ¶ 5. But there is nothing in the proposed disgorgement that requires user data to be "returned" to anyone, let alone to thousands of users not a party to this **individual non-class case**. DISGORGEMENT, Black's Law Dictionary (12th ed. 2024) ("The act of giving up something (such as profits illegally obtained) on demand or by legal compulsion."). It also makes little sense to return Plaintiff's own de-anonymized data to her because Plaintiff is already aware of it, the wrong being rectified is Defendant's continued use of her data and in this case that is completely solved simply by deleting the data. Defendant has therefore not provided any evidence on the costs associated with deleting Plaintiff's illegally obtained data which is also presumably close to negligible.

Defendant also fails to provide any basis for including potential attorneys' fees under California Code of Civil Procedure Section 1021.5 because Defendant does not address *any* of the elements required to justify an award of fees under the statute and instead simply assumes Plaintiff will be automatically entitled to the full amount of her attorneys' fees. This is exactly the type of conjecture and speculation that cannot support the exercise of federal jurisdiction. Moreover, the Ninth Circuit used the permissive "may" in *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). This "language does not impose on this Court an absolute duty to include attorney's fees in the amount in controversy calculation. Moreover, *Galt's* holding is clearly limited to 'underlying statute[s],' and here Cody admits CIPA has no fee shifting provisions that would allow her to seek awards of attorney's fees. *Cody v. P.C. Richard & Son Serv. Co.*, Inc., No. 223CV03438SSSKKX, 2023 WL 6939977, at *5 (C.D. Cal. Oct. 18, 2023). Without even addressing the elements or merits of a

- 4 -

REPLY TO RESPONSE TO OSC

request for attorneys' fees under Section 1021.5, and Plaintiff is deeply skeptical that any court would entertain a fee request like the one assumed by Defendant.

The Court lacks subject-matter jurisdiction because Defendant has not proven any amount is in controversy to a preponderance of the evidence and Defendant's removal lacked any objective basis. Plaintiff therefore also requests her costs attorneys' fees incurred as a result of the removal pursuant to 28 U.S.C. Section 1447(c). "Costs and attorney's fees may be awarded against [the removing party] if its decision to remove was objectively unreasonable. Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). There was no objectively reasonable basis to remove a case brought by a single plaintiff seeking statutory damages of $5,000 and Defendant has not identified any similar case. Defendant tried to rely on class actions cases brought pursuant to CAFA, and in evaluating the costs of injunctive relief and disgorgement similarly treated the case as if it were a class action. Defendant instead opened its brief by making a personal attack against one of Plaintiff's lawyers. Defendant even went so far as to include their correspondence from unrelated cases even though Defendant made no attempt to connect those exhibits or its attacks to this Court's Order to Show Cause and apparently laboring under the mistaken belief that Plaintiff filed a motion to remand.

In conclusion, Defendant has failed to satisfy its burden as the removing party to establish this Court's jurisdiction and Defendant had no objectively reasonable basis for removing the case. Plaintiff therefore requests the Court remand the case and order Defendant to pay attorneys' fees and costs incurred as a result of Defendant's baseless removal.

Dated: March 5, 2025   By:   /s/ *Narain Kumar*
　　　　　　　　　　　　　　　　Narain Kumar, Esq.
　　　　　　　　　　　　　　　　TAULER SMITH LLP
　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　*Courtney Mitchener*

# CERTIFICATE OF SERVICE

I hereby certified that I served the foregoing document on all parties of record by CM/ECF on all parties.

Dated: March 5, 2025  By:  /s/ *Narain Kumar*
Narain Kumar, Esq.
TAULER SMITH LLP
*Attorneys for Plaintiff*
*Courtney Mitchener*